108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Thomas LOFTUS, Plaintiff-Appellant,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE CO.; John Hancock Mutual
Life Insurance Company; John Hancock Distributors; Orian
Wilbur; Mark J. Priest, doing business as Mark J. Priest
and Associates, Defendants-Appellees.
 No. 96-7830.
 United States Court of Appeals, Second Circuit.
 March 26, 1997.
 
 1
 APPEARING FOR APPELLANT: Thomas Loftus, pro se, Norwich, N.Y.
 
 
 2
 APPEARING FOR APPELLEES: Jane Conrad, Harter, Secrest & Emery, Rochester, N.Y.; Donald M. Thompson, Rochester, N.Y.; Thomas S. Gill, Saperston & Day, Buffalo, N.Y.
 
 
 3
 Present: NEWMAN, Chief Judge, MINER and GODBOLD,* Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was taken on submission.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 6
 Thomas Loftus appeals pro se from the June 10, 1996, judgment dismissing, on motions for summary judgment, his suit alleging unlawful termination to prevent his recovery of pension benefits. Loftus had a "Special Agent's Commission Agreement" with a general agent of John Hancock Mutual Life Insurance Company. The agreement was terminable at will by either party on seven days' notice. On April 6, 1988, the general agent terminated Loftus following the latter's arrest on burglary charges. Loftus ultimately pled guilty to the charges and served a two-year sentence.
 
 
 7
 The District Court correctly rejected appellant's ERISA claims. The Court rejected the claim that Loftus had been wrongfully discharged in retaliation for claiming benefits, see 29 U.S.C. § 1140, on the ground that the 1993 suit was brought more than two years after Loftus was notified of his termination on April 6, 1988, and also because, even if not time-barred, the proffer of a legitimate explanation for the termination--the burglary arrest--could not reasonably be found by a jury to have been a pretext for discrimination. Appellant contends that the statute of limitations (the Court borrowed the two-year period of New York's Worker's Compensation Law § 120) did not begin to run until a later date and that the limitations period should be tolled because of his mental condition. The limitations period begun to run at the latest in July 1988 when Loftus sent a certified letter to the general agent, threatening legal action to recover his claimed benefits. The tolling claim is without merit. The Court's alternative ground that the proffered explanation could not reasonably be found to be pretextual is abundantly supported.
 
 
 8
 Appellant's claim for disability benefits was properly rejected for lack of evidence of a disability existing prior to his termination in April 1988. His fraud claim was properly rejected for lack of any evidence that a fraud had been committed.
 
 
 9
 We have considered all of Loftus's other contentions and conclude that they lack merit.
 
 
 
 *
 Of the United States Court of Appeals for the Eleventh Circuit, sitting by designation